IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OFELIO MUNIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-31 |
| | § | |
| CITY OF HARLINGEN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on July 26, 2000, the Court considered all pending motions in this case. Pending before the Court are Individual Defendants' motion to dismiss under 12(b)(6) based on qualified immunity (Dkt. No. 3); Defendants' motion to dismiss under 12(b)(6) (Dkt. No. 4); Plaintiff's unopposed motion for status conference hearing (Dkt. No. 6); Defendants' motion to dismiss first amended complaint under FRCP 12(b)(6) (Dkt. No. 7); Individual Defendants' motion to dismiss first amended complaint under FRCP 12(b)(6) based on qualified immunity (Dkt. No. 8); and Defendants' unopposed motion for extension of time to respond to Plaintiff's first amended complaint (Dkt. No. 9).

**Facts**

Plaintiff retired from the Harlingen Police Department after thirty years of service. On September 18, 1998, Plaintiff applied for a job with AKAL Security, Inc. ("AKAL"). AKAL apparently works in association with the United States Marshal's office and provides security for the United States Courts.

AKAL performed a routine background check and interviewed Defendants Schoepner, Archer, and Vasquez, all current employees of the Harlingen Police Department. Each Defendant stated that Plaintiff had kept stolen property. Each Defendant offered a negative evaluation and recommended AKAL not hire Plaintiff.

Plaintiff claims that AKAL refused to hire him and that he has been unable to find employment in the law enforcement field because of the statements the individual

1

Defendants made. Thus, Plaintiff brought this 42 U.S.C. §1983 claim against the City of Harlingen and Defendants Schoepner, Archer, and Vasquez, in their individual and official capacities, for depriving Plaintiff of his Fourteenth Amendment right to due process.

**Standard for resolving 12(b)(6)**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez- Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *See Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988).

**Discussion**

1. **Individual Defendants' motion to dismiss based on qualified immunity**

Qualified immunity claims are evaluated in a two-step analysis. *See Siegert v. Gilley*, 500 U.S. 226 (1991). First, the Court determines whether the Plaintiff has alleged a violation of a clearly established constitutional right under currently applicable law. *See Systems Contractors Corporation v. Orleans Parish School Board*, 148 F.3d 571, 574 (5th Cir. 1998). If the Plaintiff has alleged a colorable claim for violations of his constitutional rights, the Court will next examine whether the Defendants' actions were objectively reasonable in light of the law as clearly established at the time Defendants acted. *Id.* In this case, the Court does not reach the second prong of the *Siegert* analysis.

Plaintiff fails to assert a violation of a clearly established constitutional right. To state a claim under §1983 for a violation of due process, Plaintiff must first prove that he was deprived of a constitutionally protected liberty or property interest, and then identify an official action that caused the constitutional deprivation. Plaintiff alleges that

2

he was stigmatized "so as to never be able to work as a law enforcement officer again." *See* Plaintiff's First Amended Complaint.

Plaintiff did not have a clearly established liberty or property interest in either potential future employment or his reputation. *See, e.g., Vander Zee v. Reno*, 73 F.3d 1365, 1369-71 (5th Cir. 1996) ("Neither harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries.") (citing *Siegert*). Plaintiff asserts nothing more than a general injury to reputation and a concomitant general dampening effect on employment opportunities. Plaintiff has not alleged a violation of a clearly established constitutional right; therefore, the Defendants in their individual capacities are entitled to qualified immunity.

### 2. Defendants' motion to dismiss

Likewise, Plaintiff does not state a §1983 claim against Defendants in their official capacity and Defendant City of Harlingen. Unable to assert a protected liberty or property interest, Plaintiff does not have an actionable substantive or procedural due process claim.

### 3. State law claims

In his first amended complaint Plaintiff asserts a state a law claim for slander. Having dismissed all claims over which it exercised original jurisdiction, the Court declines to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. §1367(c)(3).

**Conclusion**

Defendants' motions to dismiss (Dkt. Nos. 7 & 8) are GRANTED. Defendants' motions (Dkt. Nos. 3, 4, & 9) and Plaintiff's motion (Dkt. No. 6) are MOOT.

DONE at Brownsville, Texas, this ___27___ day of July 2000.

_____
Hilda G. Tagle
United States District Judge