IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-40948
Summary Calendar

---

Ofelio Muniz, Jr.,

            Plaintiff-Appellant,

versus

City of Harlingen; Jim Schoepner; Robert S. Archer; Joe Vasquez,

            Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

  Plaintiff Muniz brought this § 1983 action alleging that defendants violated his right to due process of the law by making false and defamatory statements about him when asked for references by a prospective employer. The district court dismissed his complaint under Rule 12(b)(6) for failure to state a claim. The district court reasoned that, to overcome the qualified immunity of the defendants, Muniz would first have to show the deprivation of a clearly established constitutional right. Since there is no

federal constitutionally protected interest in future employment, the district court reasoned, Muniz had made no such showing.

We agree with the district court, and write only to clarify the disposition of one of Muniz's arguments on appeal. Muniz urges that we apply *Phillips v. Vandygriff*.[1] In that case, the plaintiff showed that, by industry custom, all banks consulted Commissioner Vandygriff before hiring people to managerial positions. Accordingly, the court held, Vandygriff's approval constituted a de facto license, without which no one could manage a bank in the State of Texas. That license could not be arbitrarily denied without due process of law.

This case is critically different. Muniz does not allege that security agencies generally apply to these defendants to seek their approval before hiring a new security guard. The only reason these defendants' input was sought in this case at all is that Muniz listed the Department as his former employer. We decline Muniz's invitation to expand *Phillips* to reach such situations. The situation in which a prior employer's reference is necessary only for a former employee is exactly the situation covered by the general rule: one has no constitutionally protected interest in future employment. De facto licensing only arises where the defendant holds some form of gatekeeping role generally - not

---

[1] 711 F.2d 1217 (5th Cir. 1983).

2

where the defendant's gatekeeping function is specific to the plaintiff merely because the plaintiff used to work for the defendant.

Accordingly, the judgment of the district court is **AFFIRMED.**

3